U.S. District Court

Jamie Edelkind
        Plaintiff

v.

Michael Neustrom, Sheriff
Robert Reardon, ~~Director~~
Griffith Champagne, Warden
~~George E Walsh~~, Director

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY - 8 2006

ROBERT H. SHEMWELL, CLERK
BY
        DEPUTY

6:05 CV 2176

Amended Complaint, Pursuant to 42 U.S.C.
§1983 Civil Rights Action propounded also
under 18 U.S.C. §3626

Complaint for Damages, Injunctive Relief
and Sanctions

**Parties**

The parties in this instant action are all natural persons. However, they are being brought into this action as a result of decisions and policies and directives done under color of law and authority. The Plaintiff avers that their bad acts are personal and it is only through the auspices of their office that such personal conduct assumes the cloak of lawful coloring. To the extent they are personally indemnified by their respective employment, it is of no moment in this action. Their liability to the law and to, by extension, the Plaintiff must be a personal one as determined by §1983 of the US code. Further, plaintiff brings this action in comportment with 18 U.S.C. §3626 which sets out certain guidelines with respect to addressing prison conditions.

**Plaintiff**

Plaintiff is a U.S. citizen, over 21 years of age, and is sound in mind and body. Further, plaintiff's matrilineal religion is Jewish and he remains an observant Jew to the tenets of his faith. Plaintiff is presently and since November, 2005 detained at the Lafayette Parish Correctional Center, hereinafter the "L.P.C.C." by the United States Marshal Service, hereinafter the "U.S.M.S.," pending trial of criminal indictment under the Child Support Recovery Act, (18 U.S.C. 228) which is a non-violent crime carrying a maximum sentence of 24 months.

Plaintiff was and continues to represent himself in proper-person, pro-se, in 3 civil actions and 1 criminal matter. He also has and maintains a consultancy and strategic component in his attorney represented criminal matters. Plaintiff has no earnings, bank accounts, or persons able to provide him adequate funds to hire counsel or even provide means to purchase supplies such as papers, envelopes, stamps etc.

_Defendants_

Defendant, Michael Newstram, is the Sheriff of Lafayette parish. He is the in-fact policy maker and person charged with the responsibility by local government, to be responsible for the care, custody, control, of inmates at the L.P.C.C. His decisions guide and influence the full chain of command structure. Further, by law and legal description of his office, he is the Chief executive of the department and can hire, employ, set conditions for employment, expend funds, change programs; all under color of law and cloak of office. Upon information and belief, Newstram is a U.S. Citizen, over 21 and a resident of Lafayette Louisiana or it's environs.

Defendant, Robert Reardon, is the Director of the L.P.C.C. He answers to Defendant Newstram in this capacity. Reardon, is responsible for administering policy and programs regarding all aspects of the L.P.C.C. He is the top of the chain of command for purposes of daily operation. It is his interpretation of directives that are translated into action by the staff of the L.P.C.C. Mr. Reardon is, upon information and belief, a U.S. citizen, over 21, and a resident of Lafayette Louisiana or it's environs

Defendant, Griffith Champagne, warden of the L.P.C.C., hereinafter Champagne, is the staff official at the L.P.C.C. That implements policy and carries cases by direct action and by staff control. He is the in fact authority figure for all staff and inmates at the L.P.C.C. Further, all administrative procedures are routed to him for "final" action. As far as staff and inmates are concerned he represents the end of administrative remedies. Upon information and belief, Mr. Champagne is over 21, a U.S. Citizen and a resident of Lafayette Louisiana or it's environs.

Defendant George B. Walsh, Director of the U.S. Marshal Service, hereinafter "Walsh," is a U.S. Citizen over 21 years of age. His residency is unknown; but his regular work and service address is in Washington D.C. Walsh is the titular and in fact policy administrator for all of the U.S.MS. As such he controls the implementation, enforcement and oversight of all actions, activities, policies, and compliance of the U.S.M.S. it's employees, contractors, and custodial detainee's.

**Jurisdiction and Venue**

The plaintiff is a detainee in custody of the U.S.M.S. which has placed him at the L.P.C.C. over his strenuous objections and over requests by Defendant Champagne. Plaintiff is a resident of Boston, Massachusetts. The LPCC is located in Lafayette Louisiana. All defendants with the exception of Walsh are in Louisiana. Walsh is based in Washington D.C. Being a federal detainee and being located in Lafayette Louisiana is an adequate nexus to satisfy both jurisdictional and venue requirements. Plaintiff asserts both jurisdiction and venue are adequate for this matter to be heard in this Court.

4

allegations

1. Defendants both together and separately have committed acts or caused such acts as to obstruct the civil rights of the plaintiff.

accompanying this filing are over 150 separate Administrative remedy forms that have attempted to resolve these matters.

further:

accompanying this filing are over 200 General requests attempting to deal with the sundry & issues. Some of which are admittedly and ungainingly names but together form a complete picture.

further:

the plaintiff does not have in his possession, but knows it to exist, a full documentary folder related to his detention at the L.P.C.C.. He has been told that the folder will not be copied to him absent a court order.

Together these items more than amply demonstrate not only the exhaustion of the Administrative process but also it's futility.

Further, The ARP's do, in specific detail sufficient to comply with the order of Judge Methvin, set out specific events times and dates regarding the events and its participants. The plaintiff thereby incorporates each ARP and GRF as if fully restated herein.

2. The plaintiff's injuries to date are:

a. Destruction of

b. denial and obstruction of religious practice

c. Inability to pursue his 2255 pro-se action in the Northern district of Georgia.

d. Having his attorney/client communications regarding this instant action reviewed by the Defendants.

e. Having to endure cruel and unusual punishment by:

    i. working 16+ hours every day,

    ii. having to participate in forced ____,

    iii. being subject to capricious enforcement by C/O's

    iv. being deprived of warmth and hygiene

f. by being subject to extreme duress.


3. The plaintiff notes that Judge Methvin's order incorporates a concept that the plaintiff takes exception to: Pg 5 (3)

    "The right of access to the court is not unlimited, however,

a.    and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoner's] convictions or conditions of confinement"."

The access to courts concept is a right not circumscribed by incarceration, of course claims must be non-frivolous, but it is a fractured reading of the 5th 6th and 14th amendment to suggest that "access to courts" is solely limited to challenge to conviction or conditions. Does this court intend to limit its authority to solely post conviction matters? The 6th amendment says otherwise! All non-frivolous access is guaranteed both to civil and criminal matters. This narrow reading is impermissible and clearly unconstitutional. Nevertheless, plaintiff notes that his "access to the courts" issues does embody these specific matters. As a result of defendant's actions plaintiff has been:

a) unable to assist in his defense

b) unable to resolve his prior conviction, which prevents him from considering a plea in his pending criminal case.

c) unable to assist in his pending appeal

d) has resulted in his being improperly detained.

e) has prevented him in evaluating discovery.

f) has interfered with his present not pending matters in the U.S. Supreme Court.

Further, harm can be contemplated by speculating about what the ~~Plaintiff~~ could have accomplished had he been given his lawful and guaranteed access to the court

4. Plaintiff notes that he has completely exhausted all administrative process in attempting to mitigate the presented issues. At the L.P.C.C. The highest appeal is to the warden. His responses to the matters are the subject of record (see accompanying ARP file) and oral statements "Look, Joanie, I know we're wrong; but I have my orders. ... I spoke to Director Reardon and he tells me no, So I'm telling you no too." (Warden Griffith Champagne, in front of Lt. Lefeure, in L.P.C.C. dining room, ~~~~ responding to my request for access to the law library or in the converse access to a computer with law disc's.) Further, Plaintiff notes that Captain Champagne spoke with the USMS and wrote to them, requesting my transfer. They refused! When I personally called the U.S.M.S. to file a grievance they informed me that their was no inmate grievance procedure. They then proceeded to involve Judge Methvin in my issues. They complained ex-parte to her and caused her to berate me through my attorney.

Thereby further predjudicing me before my criminal Trial judge

5. Champagne specifically blames Defendant Neustrum, and Reardon for the policies and facilities at the L.P.C.C. He told me that they have no intention of doing anything more than the Court forces them to do.

6. In addition to The reincorporated original complaint of Dec 14, 2005 recitation of bad acts. The plaintiff notes the continuing and new allegations

     1) Suborning fraud (HCA documentation fraud)

     2) Malicious prosecution (2x disciplinary actions)

     3) Peonage (forcing Plaintiff to work 16+ hrs without Pay in order to eat)

     4) failure to provide religious observance opportunity

     5) failure to properly classify Plaintiff

     6) failure to provide for legal calls - unmonitored

     7) Repeated opening of clearly marked Legal Mail

     8) Inadequate Recreational opportunity

     9) lack of adequate facilities (cell size, windows etc.)

     10) lack of copy service

     11) lack of access to courts,

     12) lack of mailing supplies

     13) refusal to address past violations in ARP's

     14) refusal to address issues of drug and tobacco use in LPCC

7. Lastly despite having exhausted all known administrative remedy process's, the Defendants assert "all is well" and refuse to change any conditions. The plaintiff asserts that he has made adequate showing as to all requisite issues for causing summons to issue and proceed on the merits of this instant action.

8. The plaintiff ~~hereby~~ prays this court bring him in before open session, for a conference to determine how to proceed since he has no funds to purchase any supplies to prosecute going forward. The court in it's predicate desire to conform as closely as possible to the structure of procedure, has caused great delay and hardship and suffering on the part of the plaintiff. It is with respect that the plaintiff be afforded the opportunity to advance his position without further undue barriers.

9. The plaintiff seeks the same relief as propounded in the originally filed comm. But requests the case be restyled with the specifically named Defendants.

Submitted this 28th Day of March 2006

Jamie Edelkind   poo-so

Jamie Edelkind

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY - 8 2006

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

James Edelkind
CLoiPCC 05-11367
POB 2537
Lafayette, La 70502

3-28-06

Clerk of Court

800 Lafayette St Ste 2100

Lafayette, La. 70501

Dear Clerk,

Please file the accompanying complaint and attachments.
Ensure that a copy be sent immediatley to Judge Methvin.
I apologize for the pencil, but it is only 1" long and I
am sharpening it on the concrete floor by rubbing it back
and forth. Please return a file stamped copy - No envelope provided

Hand delivered to Clerks Office via Randal McCann.